JOHN FLEWELLEN v. THE STATE.

No. 13226. Delivered March 19, 1930.
Rehearing denied June 26, 1930.
Reported in 29 S. W. (2d) 779.

The opinion states the case.

*S. M. Burns* and *Roy Baskin,* both of Cameron, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, ninety-nine years in the penitentiary.

The facts are perhaps sufficiently stated in the opinion on a former appeal, reported in 18 S. W. (2d) 1087, but we here briefly advert to the main incriminating and corroborative facts, in view of the appellant's strenuous contention that the evidence is insufficient. Its insufficiency to corroborate the alleged accomplice, Sylvia Davis, is particularly stressed.

Sylvia Davis was the paramour of deceased, having had one child by him. She had been granting carnal favors to appellant, according to the undisputed testimony, and the deceased and appellant had already had a "fuss" over the appellant's attention to Sylvia Davis. Appellant had threatened the life of deceased. On the night in question witness Sylvia Davis saw appellant standing in the doorway of the home of deceased, near where deceased lay on a pallet. An axe was nearby. She fled and shortly heard a scream which she recognized as the voice of deceased. The deceased in a few minutes appeared at the home of a neighbor with a fatal wound

in the head, shown to have been made with an axe. He died without making a statement. To corroborate her the State showed:

(1) That appellant tried to borrow a gun a short time before the killing and then made a statement about deceased.

(2) Deceased was killed with an axe, blood being splattered about in the vicinity of the killing. Appellant was shown to thereafter possess pants on which appeared spots of blood.

(3) After the killing and before being accused, appellant made statements evidencing uneasiness and fear.

(4) He was shown to have been following deceased and Sylvia Davis a short time prior to the killing and to have been in the general vicinity thereof that night, though he himself testified he never left his home.

(5) His own testimony is sufficient to show a motive for the killing.

Sylvia Davis denied any complicity in the murder. She was not an accomplice as a matter of law. Huggins v. State, 85 Tex. Crim. Rep. 205, and authorities there cited. The evidence was regarded by the trial court as raising an issue as to her being an accomplice which was appropriately submitted to the jury, with a pertinent instruction that she must be corroborated, if the jury believed her an accomplice. It will be presumed from the verdict of guilty and in support of the judgment herein that the jury found she was not an accomplice. Talmadge v. State, 91 Tex. Crim. Rep. 177; McElroy v. State, 111 S. W. 948; Delavan v. State, 29 S. W. 385. Upon this hypothesis we deem the evidence amply sufficient. While it is not necessary to so decide we will say in passing that in our opinion the evidence is sufficient, though perhaps meagerly so, to corroborate her even if she was an accomplice.

Objection was made to the admission in evidence of the result of a search of appellant's home after the murder, showing the presence there of a pair of pants with blood spots on them. The search was without a search warrant and proper objections were made to the reception of the evidence. Since appellant as a witness for himself admitted possession and ownership of the pants in question, the error, if any, in admitting the testimony was thus rendered harmless. 4 Tex. Jur., Sec. 414, and authorities there collated. In view of this holding it is not necessary to pass on the interesting contention of the State that no search warrant is necessary in a murder case because no provision has been made for its issuance

in such a case, and that therefore the question is whether the search is a reasonable one under the Constitution.

We find no errors in this record. The charge of the Court appears to have been an unusually comprehensive and able one and the record as a whole impresses us with the view that appellant has been accorded a fair trial. The interest of both the State and of the appellant was ably taken care of in the court below and in this Court and we acknowledge our indebtedness to counsel on both sides for their splendid assistance to us.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes two points in his motion, first that we erred in holding that Sylvia Davis was not an accomplice as a matter of law; and that if such, there was no evidence to corroborate her. Second, in holding the admission in evidence of the pair of pants mentioned in our original opinion, to be not erroneous.

Sylvia Davis denied having anything to do with the killing, either as a principal, accomplice or accessory. This appellant tried circumstantially to rebut by testimony. This testimony raised an issue upon the solution of which depended the question as to whether or not Sylvia Davis was an accomplice witness. In such case we uniformly hold it proper practice to submit in the charge to the jury the question as to whether such witness is an accomplice. The authorities are so numerous as to not need citation. This course was properly followed by the trial court upon this trial.

Upon appellant's second proposition, we observe that the sheriff testified that he found a pair of pants at appellant's home after the killing, which pants were produced at the trial, identified, and certain spots upon them were claimed by the State to be blood. Appellant took the witness stand in his own behalf and admitted that the pants in question were his, and claimed they had been worn by by him subsequent to the time of the killing in the presence of a number of people. He testified that the spots in question were grease and not blood spots. The pants themselves were introduced

in evidence. Under the authorities referred to in our former opinion, if there was any irregularity about the admission of the original testimony concerning said pants, which is not conceded, same was rendered harmless by the fact that appellant while on the witness stand identified and admitted ownership of said garment.

Being unable to agree to either contention made, the motion for rehearing will be overruled.

*Overruled.*